UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEN NGUYEN,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>M. KNOWLES, Warden and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA,<br><br>        Respondents - Appellees. | No. 11-16611<br><br>D.C. No. 2:03-cv-02381-MCE-GGH<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |

The judgment of this Court, entered April 06, 2012, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

> FOR THE COURT:
> Molly C. Dwyer
> Clerk of Court
>
> Synitha Walker
> Deputy Clerk

FILED

APR 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEN NGUYEN,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>M. KNOWLES, Warden and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA,<br><br>        Respondents - Appellees. | No. 11-16611<br><br>D.C. No. 2:03-cv-02381-MCE-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted March 12, 2012
San Francisco, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

Len Nguyen appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition challenging his jury convictions for murder and attempted murder.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review de novo the district court's denial of Nguyen's habeas petition and review findings of fact for clear error. *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007). Because Nguyen filed his federal habeas petition after 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs his petition. *Id.*; *see also* 28 U.S.C. § 2254(d). The AEDPA requires that appellate courts defer to the last reasoned state court decision. *Id.* "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (citation omitted). A state court's determination of the facts is "unreasonable" under § 2254(d)(2) only if the appellate court is "convinced that an appellate panel, applying normal standards of appellate review, could not reasonably conclude that the finding is supported by the record [before the state court]." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004).

Nguyen does not dispute the facts that were before the state appellate court, but rather that court's interpretation of those facts in light of the standards imposed by *Johnson v. Virginia*, 443 U.S. 307 (1979). The Supreme Court in *Johnson* clarified that an applicant "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt." *Id.* at 324. If the record supports conflicting

2

inferences, the reviewing court "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326.  The district court held that the state appellate court did not err in finding sufficient evidence to support Nguyen's convictions, and we agree.

   Nguyen cannot show that the facts before the state court do not support his convictions, and he fails to meet his burden to show that any conflicting inferences reached by the trier of fact were outside the range of what a reasonable juror could conclude.  Conferring the night before and the day of the murder, Nguyen and his three co-defendants planned the attack on Andy Tran and intentionally carried out the assault.  The quickness with which the murder occurred after Nguyen and his co-defendants entered the residence also supports the state appellate court's finding of sufficient evidence.  The speed and efficacy with which the gun was produced and Tran was shot was a critical fact and supports the state court's determination that a jury could have reasonably concluded that Nguyen and his co-defendants intended to shoot and kill Tran upon entering the home.

   Simply because it was possible that Nguyen intended only to aid and abet an assault does not demonstrate insufficient evidence to support the jury's conclusion that Nguyen intended to aid and abet a home invasion murder or an assault with a

3

deadly weapon.  Because Nguyen elicited the help of three others in "another round of combat" and Nguyen's gang membership could be inferred from the evidence presented at trial, the jury was entitled to infer that Nguyen intended to aid and abet a crime that posed the risk of serious bodily injury or death.  *See People v. Medina*, 209 P.3d 105, 111 (Cal. 2009) (shooting during gang-related fistfight was natural and probable consequence of gang assault).

     Similar evidence supported the state appellate court's finding that there was sufficient evidence to affirm Nguyen's conviction for attempted murder.  The jury could have reasonably concluded from the fact that Nguyen and the other defendants proceeded with their planned attack despite others being present, that the "kill zone" was the natural and probable consequence of the premeditated murder of Tran in a crowded room.  Even if this conclusion is debatable, the AEDPA requires that the state court decision be "objectively unreasonable."  *See Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) ("[A] federal court may not overturn a state court decision rejecting a sufficiency of evidence challenge simply because the federal court disagrees with the state court.").  Nguyen does not make such a showing.

     Nguyen also challenges the trial court's failure to *sua sponte* instruct the jury regarding the "target offense" that Nguyen may have aided and abetted.  However,

4

to establish a federal constitutional claim, Nguyen must establish that the error involved "fundamental fairness." *Estelle v. McGuire*, 502 U.S. 62, 73 (1981). The state appellate court held that any error resulting from the failure to instruct the jury regarding the target offense was harmless because "there was no risk that the jury relied on noncriminal behavior as the target offense." We agree.

Where there is no evidence that a defendant aided and abetted any noncriminal behavior which led, as a natural and probable consequence, to murder, there is no reasonable likelihood that the jury applied the instructions in a way that violates the Constitution. *Solis v. Garcia*, 219 F.3d 922, 928 (9th Cir. 2000). Even if the jury had relied on "gang retaliation" as the target offense, such an attack would have been a criminal act, i.e., an assault. And with respect to the type of assault at issue—one in which Nguyen and three others coordinated to engage Tran "in another round of combat"—it was not objectively unreasonable for the jury to conclude that murder and attempted murder were natural and probable consequences. *See People v. Prettyman*, 926 P.2d 1013, 1028 (Cal. 1996) (harmless error where no evidence of any other possible "target" apart from assault, an act that was indisputably criminal). Consequently, any error was harmless and did not amount to a due process violation.

**AFFIRMED.**

*Nguyen v. Knowles*, No. 11-16611

NOONAN, Circuit Judge, dissenting:

Really the only evidence to which the majority points to support its conclusion is the speed with which the shooting of Andy was accomplished. Could a reasonable juror infer from that fact that Len had beyond a reasonable doubt the intention to abet the shooting? That the two boys had had a fight; that Len had recruited help to get back at Andy; that Len and his friends conferred; that his friends had a gun and access to a supply of guns; that his friends waited for him; that they fled together – none of these facts proves or tends to prove Len guilty of murder in the first degree.

That Len himself was a gang member was not proved, and in oral argument to us the state declared that there was "no direct evidence of such membership," but that it "could be inferred" that Len was at least "associated" with gang members. The state referred to Nhat and Si's interrogations and Ahn Phan's statement that "Si's friends were members of MAC" to support this inference. The state provided no evidence of Len having a gang affiliation. An inference that Len was a gang member is speculative.

Neither did the state prove that Len knew about Si's firearm. The state

1

claims Len must have known of Si's weapons since Len called Si for assistance. The state cites the sheer number of weapons maintained by Kiet and Si to be evidence of Len's knowledge. Neither of the state's speculations are evidence of Len's knowledge.

Len neither produced the gun nor fired the shot. His entry of the house with the other three does not by itself show an intent to kill Andy. The shooting began almost immediately. How beyond a reasonable doubt could any rational trier of fact decide what Len's intent was when the shooting began?

Len was also convicted of attempted murder. On this crime the trial court had instructed the jury:

> One who aids and abets the other in the commission of the crime or crimes is not only guilty of those crimes but is also guilty of any other crime committed by a principal[,] which is a natural and probable consequence of the crime or crimes originally aided and abetted.

The state appellate court affirmed.

It is apparent that the error in Len's conviction of first degree murder also infected this instruction so that being found to be an abettor of murder, he was found by the jury to be an abettor of attempted murder.

Deferential as I am required to be to the state court and respectful as I am of the judgment of my two colleagues, I am not able to conclude that Len's guilt of

first degree murder or of attempted murder was proved beyond a reasonable doubt.

Reaching this conclusion, I do not question the rationality of the state judges nor of the district judge nor of my two colleagues, all of them judges who found the evidence against Len enough to prove him guilty beyond a reasonable doubt. To judge the reasonableness of a result reached by a court a judge most certainly must consider the views of other judges but in his own resolution of the question must form his own judgment of what is reasonable.